UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HEATHER BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:08-CV-425 |
| ) | (VARLAN/GUYTON) |
| RUAN TRANSPORT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Defendant Ruan Transport Corporation's ("Defendant Ruan") Motion to Dismiss. [Doc. 4.] Plaintiff Heather Baker ("Plaintiff Baker") filed an opposition brief and amended complaint in response to Defendant Ruan's motion to dismiss. [Docs. 5, 6.] Defendant Ruan then filed a reply brief. [Doc. 7.] The Court has carefully reviewed the pending motion and responsive pleadings in light of the applicable law. [Docs. 4, 5, 6, 7.] For the reasons set forth herein, Defendant Ruan's motion to dismiss will be denied.

**I.    Relevant Facts**

Around November 1, 2004, Defendant Ruan allegedly hired Plaintiff Baker as a part-time terminal assistant and dispatcher. [Doc. 5-2 at 2.] Plaintiff Baker allegedly worked 20-30 hours per week on a regular basis. [*Id.*] In November of 2006, a full-time dispatcher position became available, and Plaintiff Baker allegedly informed the Terminal Manager, Marty Carroll ("Mr. Carroll"), of her interest in the position. [*Id.*] According to Plaintiff

Baker, Defendant Ruan informed her that her pay would remain the same as her hourly rate of pay if she were placed in the full-time dispatcher position. She further alleges that males who were offered and/or received the full-time dispatcher position "were paid in excess of that which was paid to Plaintiff [Baker] in the dispatcher position she occupied for the same job duties." [*Id.* at 3.] Plaintiff Baker further alleges that Defendant Ruan's failure to offer her the same salary and benefits as males who were offered and/or accepted the full-time dispatcher position where the duties to be performed were identical constitutes a violation of the Equal Pay Act, 29 U.S.C. § 206(d). [*Id.*]

## II. Standard of Review

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a

complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III. Analysis

The Equal Pay Act ("EPA") provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C. § 206(d).

In support of its motion to dismiss, Defendant Ruan contends that Plaintiff Baker attempts to compare herself to full-time male employees. Because the amended complaint fails to allege that she worked as a full-time dispatcher, Defendant Ruan argues that Plaintiff Baker cannot establish her EPA claim based on a wage rate for a position she never worked and that she cannot compare herself to unspecified male employees. In support of this argument, Defendant Ruan relies on the Sixth Circuit's decision in *Asher v. Riser Foods, Inc.*, No. 92-3357, 1993 WL 94305 (6th Cir. Mar. 30, 1993). In *Asher*, the Sixth Circuit determined that an employee could not prevail on her EPA claim because she failed to show

3

"the overall comparison of the work reveal[ing] that a substantial equality of skill, effort, responsibility, and working conditions exist." *Id.* at *4. The Sixth Circuit rejected the part-time employee's attempts to compare herself with full-time employees when she was classified as a part-time employee by her employer. *Id.*

As both cases involve attempted comparisons between full-time and part-time employees, Defendant Ruan contends that the *Asher* decision should guide the Court in addressing the present motion. Notably, the *Asher* decision reviewed the district court's grant of summary judgment and was based on the employee's failure "to offer any proof that her continued classification as a part-time employee was related to her gender." *Id.* In contrast, the present motion is one for dismissal under Fed. R. Civ. P. 12(b)(6), where "all well-pleaded allegations must be taken as true and be construed most favorably toward" Plaintiff Baker. *Trzebuckowski*, 319 F.3d at 855. Unlike in *Asher*, Plaintiff Baker need not offer proof to support her EPA claim. The key inquiry is whether the allegations are sufficient to entitle her to present such evidence in support of her claim. *Miller*, 50 F.3d at 377.

In the "Amended and Restated Complaint," Plaintiff Baker alleges that there were males who "were paid far in excess of that which was paid to Plaintiff in the dispatcher position she occupied for the same job duties." [Doc. 5-2 at 3.] Defendant Ruan argues that dismissal is warranted because Plaintiff Baker cannot compare herself to males who were offered and/or received the full-time dispatcher position because she was only part-time dispatcher. Though the Sixth Circuit in *Asher* ultimately rejected a part-time employee's

4

argument that "she was qualified in all respects to be classified as full-time," the Sixth Circuit's decision was based on the plaintiff's failure to provide proof that "this failure to reclassify her was based on her gender." *Asher*, 1993 WL 943005, at *4. Thus, the *Asher* decision suggests the plausibility of the part-time employee's argument had she presented sufficient evidence to support it. Because Plaintiff Baker could arguably provide proof to overcome the part-time and full-time employee distinction as the Sixth Circuit discussed in *Asher*, Plaintiff Baker's attempt to compare herself to full-time employees fails to preclude relief for purposes of the pending motion to dismiss.

Furthermore, to the extent Defendant Ruan asks the Court to determine that Plaintiff Baker did not perform employment duties that entailed the same effort or responsibility or were not performed under similar conditions as those with whom she seeks to compare herself, the Court notes that these issues involve factual matters not for resolution on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Zoccoli v. DBSI, Inc.*, No. CV-08-1339-PHX-GMS, 2008 WL 5381579, at *2 (D. Ariz. Dec. 23, 2008) (finding a dispute on such matters "not appropriate on a motion to dismiss"). On a motion to dismiss, the Court must accept as true Plaintiff Baker's allegations that she performed the "identical" or the "same job duties" as those with whom she seeks to compare herself. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003). Though Plaintiff Baker, like the part-time employee in *Asher*, may not ultimately prevail on her EPA claim, she has made sufficient factual allegations that "raise the right of relief above the speculative level" to avoid dismissal on

5

a Fed. R. Civ. P. 12(b)(6) motion. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

## IV. Conclusion

For the reasons set forth herein, Defendant Ruan Transport Corporation's Motion to Dismiss [Doc. 4] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE